# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| THERESA PROSPER ) | CIVIL ACTION NO. |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| ) | |
| AMERICAN CREDIT ) | |
| ACCEPTANCE, LLC ) | **JURY TRIAL DEMAND** |
| ) | |
| Defendant. ) | |
| _____) | |

## NATURE OF ACTION

1. This is an action brought pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and the South Carolina Consumer Protection Code ("SCCPC"), S.C. Code. § 37-1-101 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff Theresa Prosper ("Plaintiff") is a natural person.

5. Plaintiff is a "consumer" as defined by S.C. Code § 37-1-301(10).

1

6.      Defendant American Credit Acceptance, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff.

7.      Defendant is a "debt collector" as defined by S.C. Code § 37-1-301(28).

## FACTUAL ALLEGATIONS

8.      Plaintiff is obligated, or allegedly obligated, to pay a debt.

9.      Plaintiff's obligation, or alleged obligation, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely a personal vehicle loan (the "Debt").

10.     The Debt arises from a "consumer credit transaction" as defined by S.C. Code § 37-1-301(11).

11.     Defendant at all relevant times was engaged, directly or indirectly, in the collection of a debt from Plaintiff.

12.     In effort to collect the Debt from Plaintiff, Defendant began placing telephone calls to Plaintiff, sometimes several times a day.

13.     In order around January 2014, Plaintiff asked Defendant to stop calling.

14.     Defendant continued placing telephone calls to Plaintiff

15.     In response, Plaintiff sent Defendant written correspondence dated May 22, 2014 that stated, in relevant part:

> I have asked you repeatedly not to call me. Please communicate with me by mail from now on. This is a formal letter informing you not to call me anymore on my cell phone 410-500-0584. Please remove me from your list.

See May 22, 2014 Correspondence, attached as Exhibit A.

16. Defendant placed additional calls to Plaintiff's cellular telephone number, including, but not limited to, the following dates and approximate times:

1) June 4, 2014 at 8:31 P.M.;
2) June 5, 2014 at 10:14 A.M.;
3) June 5, 2014 at 3:27 P.M.;
4) June 5, 2014 at 7:14 P.M.;
5) June 6, 2014 at 9:01 A.M.
6) June 7, 2014 at 8:39 A.M.;
7) June 8, 2014 at 4:36 P.M.
8) June 9, 2014 at 1:09 P.M.
9) June 9, 2014 at 3:24 P.M.
10) June 10, 2014 at 10:55 A.M.
11) June 10, 2014 at 12:44 P.M.
12) June 10, 2014 at 3:51 P.M.
13) June 10, 2014 at 7:53 P.M.
14) June 11, 2014 at 8:56 P.M.
15) June 11, 2014 at 4:04 P.M.
16) June 11, 2014 at 7:48 P.M.
17) June 12, 2014 at 5:27 P.M.
18) June 25, 2014 at 3:25 P.M.
19) June 26, 2014 at 2:12 P.M.
20) June 26, 2014 at 7:38 P.M.
21) June 27, 2014 at 2:12 P.M.
22) June 27, 2014 at 2:20 P.M.
23) June 29, 2014 at 4:15 P.M.
24) June 30, 2014 at 7:45 P.M.
25) July 1, 2014 at 1:08 P.M.;
26) July 1, 2014 at 3:05 P.M.;
27) July 1, 2014 at 7:37 P.M.;
28) July 2, 2014 at 8:06 A.M.;
29) July 3, 2014 at 8:07 A.M.;
30) July 3, 2014 at 12:27 P.M.;
31) July 3, 2014 at 2:13 P.M.;

       32) July 3, 2014 at 7:34 P.M.;
       33) July 5, 2014 at 9:25 A.M.;
       34) July 7, 2014 at 4:25 P.M.;
       35) July 8, 2014 at 8:09 A.M.;
       36) July 8, 2014 at 3:07 P.M.;
       37) July 8, 2014 at 7:37 P.M.;
       38) July 9, 2014 at 8:05 A.M.;
       39) July 9, 2014 at 3:10 P.M.;
       40) July 9, 2014 at 6:43 P.M.;
       41) July 10, 2014 at 8:04 A.M.;
       42) July 10, 2014 at 8:54 A.M.;
       43) July 11, 2014 at 8:05 A.M.;
       44) July 11, 2014 at 2:10 P.M.;
       45) July 11, 2014 at 3:08 P.M.;
       46) July 11, 2014 at 6:54 P.M.;
       47) July 12, 2014 at 8:08 A.M.;
       48) July 13, 2014 at 2:40 P.M.;
       49) July 14, 2014 at 8:05 A.M.;
       50) July 14, 2014 at 11:06 A.M.;
       51) July 14, 2014 at 2:08 P.M.;
       52) July 14, 2014 at 3:13 P.M.;
       53) July 15, 2014 at 8:09 A.M.;
       54) July 15, 2014 at 11:13 A.M. and
       55) July 15, 2014 at 3:08 P.M.;

17. During certain of the above-referenced calls, Defendant delivered a message using an artificial or pre-recorded voice.

18. Upon information and belief, the telephone calls identified above were placed to Plaintiff's cellular telephone using an automatic telephone dialing system.

19. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

20. Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

4

21.     Upon information and belief, Defendant placed the telephone calls to Plaintiff identified above voluntarily.

22.     Upon information and belief, Defendant placed the telephone calls to Plaintiff identified above under its own free will.

23.     Upon information and belief, Defendant had knowledge that it was using an automatic telephone dialing system and/or an artificial or prerecorded voice to place each of the telephone calls identified above.

24.     Upon information and belief, Defendant intended to use an automatic telephone dialing system and/or an artificial or prerecorded voice to place each of the telephone calls identified above.

25.     Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

26.     Plaintiff repeats and re-alleges each and every factual allegation above.

27.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF S.C. CODE § 37-5-108

28. Plaintiffs repeat and re-allege each and every factual allegation above.

29. Defendant violated S.C. Code § 37-5-108 by engaging in unconscionable conduct in collecting a debt arising from a consumer credit transaction; including, but not limited to:

    a. communicating with Plaintiff, or a member of Plaintiff's family, at frequent intervals during a twenty-four hour period, or at unusual hours, or under other circumstances so that it is a reasonable inference that the primary purpose of the communication was to harass Plaintiff, in violation of S.C. Code § 37-5-108(5)(b);

    b. causing a telephone to ring repeatedly during a twenty-four hour period or engaging Plaintiff in a telephone conversation with intent to annoy, abuse, or harass Plaintiff at the called number, in violation of S.C. Code § 37-5-108(5)(b)(vii).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated S.C. Code § 37-5-108;

    b) Enjoining Defendant from further violative conduct pursuant to S.C. Code § 37-5-108(2);

    c) Awarding Plaintiff statutory damages, pursuant to S.C. Code § 37-5-108(2), in the amount of $1,000.00;

    d) Awarding Plaintiff actual damages, pursuant to S.C. Code § 37-5-108(2);

    e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to S.C. Code § 37-5-108(6);

    f) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

30. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: April 10, 2015.

Respectfully submitted,

/s/ Holly E. Dowd
Holly E. Dowd (S.C. Bar No. 77897)
Thompson Consumer Law Group, PLLC
822 Camborne Place
Charlotte, NC 28210
(888) 595-9111 ext. 260
(866) 565-1327 (fax)
hdowd@consumerlawinfo.com

ATTORNEYS FOR PLAINTIFFS

*Please send correspondence to the address below*

Holly E. Dowd
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave D106-618
Mesa, AZ 85206

8